IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE COOPER, § | | |
| Petitioner, § | | |
| § | | |
| VS. § | | C.A. NO. C-12-174 |
| § | | |
| RICK THALER, Director, TDCJ-CID,[1] § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division, and is currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se*, petitioner filed a petition pursuant to 28 U.S.C. § 2254, challenging the results of two disciplinary proceedings. Pending is petitioner's motion for appointment of counsel (D.E. 11).

There is no constitutional right to counsel in federal habeas proceedings. *Johnson v. Hargett*, 978 F.2d 855 (5th Cir. 1992). Rule 8 of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. Service of process was ordered on May 29, 2012 (D.E. 11), and at this point there are no issues which mandate an evidentiary hearing.

---

[1] Rick Thaler is the Director of the Texas Department of Criminal Justice - Correctional Institutions Division, and the appropriate respondent in this petition. 28 U.S.C. § 2243; Rule 2, Rules Governing § 2254 Cases. The Clerk shall substitute Mr. Thaler as respondent. Fed. R. Civ. P. 25(d)(1).

An evidentiary hearing will be scheduled and counsel will be assigned *sua sponte* if there are issues which mandate a hearing. Moreover, counsel may be assigned if discovery is ordered and issues necessitating the assignment of counsel are evident. Rule 6(a) of the Rules Governing § 2254 Cases; *Thomas v. Scott*, 47 F.3d 713, 715 n. 1 (5th Cir. 1995).

Accordingly, petitioner's motion for appointment of counsel (D.E. 11) is denied without prejudice.

ORDERED this 29th day of June, 2012.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE