UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE COOPER, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-00174 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

On February 7, 2013, United States Magistrate Judge B. Janice Ellington issued her "Memorandum and Recommendation" (D.E. 40). The parties were provided proper notice of, and opportunity to object to, the Magistrate Judge's Memorandum and Recommendation. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); General Order No. 2002-13. No objections were timely filed.

When no timely objection to a magistrate judge's memorandum and recommendation is filed, the district court need only satisfy itself that there is no clear error on the face of the record and accept the magistrate judge's memorandum and recommendation. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996)). The Court has further reviewed the untimely objections and finds that Petitioner has not raised any issue requiring amendment, modification, or rejection of any part of the Memorandum and Recommendation.

Having reviewed the findings of fact and conclusions of law set forth in the Magistrate Judge's Memorandum and Recommendation (D.E. 40), and all other relevant documents in the record, and finding no clear error, the Court **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.  Accordingly, the Respondent's Motion for Summary Judgment (D.E. 18) is **GRANTED.**  Petitioner's claims that he was subjected to cruel and unusual punishment when he received inadequate medical care, that he was denied access to the courts, that he was not allowed to use the law library, and that he has not been given adequate indigent mail supplies should be dismissed without prejudice for re-filing in a civil rights action.  His claim that he received ineffective assistance from his counsel substitutes should be denied because it is unexhausted, procedurally barred, and without merit.  Petitioner's remaining claims brought pursuant to 28 U.S.C. § 2254 should be denied because he has failed to show that he is entitled to habeas relief.  Petitioner's Motion for Reconsideration (D.E. 39) is **DENIED**.  Any request for a Certificate of Appealability is **DENIED**.

ORDERED this 18th day of March, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE