UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE COOPER, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-174 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR LEAVE TO FILE A § 2254 PETITION AND FOR INJUNCTIVE RELIEF AND ORDER STRIKING SUPPLEMENTAL PETITIONS

### Background

In this § 2254 petition, Petitioner Joe Cooper challenges two disciplinary proceedings from 2011 and 2012 (D.E. 1). His petition was filed May 24, 2012 (D.E. 1). Respondent filed an answer and motion for summary judgment in August 2012 (D.E. 18). After petitioner was given five extensions of time to file his response, the magistrate judge filed her memorandum and recommendation on February 7, 2013 (D.E. 40). Petitioner was granted one extension of time, to March 7, 2013, to file objections. Petitioner filed his objections on March 15, 2013 (D.E. 49).

On February 22, 2013, Petitioner moved the court for leave to file a supplemental petition (D.E. 43, 45). On February 28, 2013, the Magistrate Judge denied Petitioner leave to do so without prejudice, requiring Petitioner to file his challenge in a separate petition.

Petitioner filed a second motion requesting permission to file a supplemental petition along with a motion for a temporary restraining order and injunctive relief (D.E. 47, 48). The motions are denied without prejudice.

## Discussion

Petitioner's motions demonstrate that he is confused about the type of relief available to him in a § 2254 proceeding. To the extent that Petitioner is requesting that a disciplinary proceeding be overturned and his good time credits restored because of due process violations or because the disciplinary action was filed in retaliation for his filing of grievances, Petitioner must challenge the proceeding in a petition filed pursuant to 28 U.S.C. § 2254. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) ("A habeas petition . . . is the proper vehicle to a seek release from custody") (citations omitted). The Prison Litigation Reform Act (PLRA) does not apply to habeas petitions. *Id.* For the same reasons cited by the Magistrate Judge, the court declines to allow Petitioner to challenge a third disciplinary conviction in this proceeding. To allow petitioner to file a challenge to a completely separate disciplinary conviction in this proceeding would require that service be ordered, that a record be produced, and that the issue be briefed at a time when the court is ready to rule on the summary judgment motion and the magistrate judge's memorandum and recommendation. There must be some finality to these proceedings, and petitioner will not be prejudiced by having to file his petition in a new proceeding. His motion to file a supplemental petition (D.E. 47) is denied without prejudice, but he is free to seek relief in a new § 2254 petition. The Clerk shall forward

the appropriate forms to Petitioner. The Clerk shall strike Petitioner's Supplemental Petition (D.E. 45) from the record.

To the extent that Petitioner is asking for injunctive relief against various TDCJ-CID officials for their unconstitutional and/or retaliatory actions, he must do so in a lawsuit brought pursuant to 42 U.S.C. § 1983. *See Id.* at 820 ("Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures") (citations omitted). Petitioner's motion for a temporary restraining order and a preliminary injunction seeks injunctive relief against persons who are not parties to this proceeding, and the court does not have authority to enter injunctive relief against them. Petitioner must exhaust his administrative remedies against these officials and file an action pursuant to § 1983. For any lawsuit challenging conditions of confinement, Congress has also mandated compliance with the Prison Litigation Reform Act (PLRA), which Petitioner has not done in this action. 28 U.S.C. §§ 1915 and 1915A. Accordingly, Petitioner's motion (D.E. 48) is denied without prejudice in all things so that Petitioner may seek relief in a § 1983 lawsuit. The Clerk shall mail to Petitioner the forms to do this.

SIGNED and ENTERED this 18 day of March, 2013

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE